S. WEIL and others *v.* W. H. TRAFFORD, Administrator.

October Term, 1875.

BENEFIT FUND OF DECEASED MEMBERS OF KNIGHTS OF HONOR PASSES BY WILL. — The testator was a member of an incorporated order known as the Knights of Honor, whose charter and constitution declared its object to be "to establish a benefit fund, from which a sum, not to exceed $2,000, shall be paid, at the death of each member, to his family, or to be disposed of as he may direct," and whose certificate to each beneficiary member provided "that, in accordance with and under the provisions of the laws governing the order, the sum of $2,000 shall be paid" * * * " as a benefit, upon due notice of his death, to such person or persons as he may by will, or entry in record-book of this lodge, or on the face of this certificate, direct." *Held*, that testator's share of this fund passed under the residuary clause of his will, disposing of "the balance of all my property of every kind."

*John Ruhm*, for complainants.

*A. F. Whitman*, for defendant.

THE CHANCELLOR : — Moses Barker died on June 5, 1875, leaving a widow and one child him surviving. He made a will, which was duly proved and admitted to record, and W. H. Trafford was appointed administrator with the will annexed. By his will, Barker, after certain small legacies, gave to his wife and child " one-half of the balance of all my property of every kind," and to his four sisters and one brother the other half. The testator was, at his death, a member of an order known as the " Knights of Honor," and as such was, upon his death, entitled to the sum of $2,000, to be paid, " as a benefit," " to such person or persons as he may, by will, or entry on record book of the lodge, or on the face of the certificate " of his membership, direct. The trustees of the lodge are ready to pay the money. The questions submitted to me are :

1. Is the administrator entitled to this fund, or does it go to the widow and children, under the Code, secs. 2294, 2478?

2. Are the four sisters and one brother entitled to share in the fund?

3. Did Barker die intestate as to this fund?

There can be no doubt that the language of the will is sufficient to carry this fund to the legatees named, if it be a fund which constituted a part of his estate, and could be disposed of by will. I decided recently, in the case of *Williams* v. *Corson and Wife*, 2 Tenn. Ch. 269, that the proceeds of a policy of insurance taken out by a husband and father on his own life might be disposed of by will, although such a policy falls exactly within the language and meaning of the Code, secs. 2478, 2294. *A fortiori*, the power of disposition by will must be conceded to a " benefit " fund, which does not fall within the letter, but only within the spirit, of the sections of the Code in question. It is clear, moreover, that Barker did not die intestate as to this fund, if it constituted a part of his estate ; for, the words " all my property of every kind " are as broad as could possibly be used to pass the residuum of an estate. The only question, therefore, is, Was this fund a part of the testator's estate at his death, when the will speaks as to personalty? And of this there cannot be a particle of doubt. The charter of incorporation, by its third section, and the constitution of the Knights of Honor, by art. 2, sec. 3, provide that one of the objects of the order is " to establish a benefit fund, from which a sum, not to exceed $2,000, shall be paid, at the death of each member, to his family, *or to be disposed of as he may direct.*" The certificate to each beneficiary member is, " that, in accordance with and under the provisions of the laws governing the order, the sum of two thousand dollars will be paid " * * * as a benefit, upon due notice of his death," * * * " to such person or persons as he may *by will*, or entry on record-book of this lodge, or on the face of this certificate, direct the same." The right to the fund, and the power of the beneficiary to dispose of it in his lifetime, and by will, could not possibly be recognized more clearly. The fact that the constitution of the order further provides, by sec-

tion 5, that the payments shall be known as "the widows' and orphans' benefit fund," cannot change these positive stipulations. The fund is provided by the contributions of the members, and belongs, in such proportion as has been agreed upon, to the contributors; and the share of each is, upon his death, to be paid as he may direct by will. The power of the court to take cognizance of the matter is beyond question. *Forbes* v. *Eden*, L. R. 1 Sc. App. 568.

The fund, in this case, belongs to the testator's estate, and passes to the administrator with the will annexed, to be disposed of by him according to law and the testator's will.